NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 21, 2015[*]
Decided April 22, 2015

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 14-1798

| | |
|---|---|
| KEVIN D. MILLER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | |
| | No. 1:12-cv-00054-TWP-TAB |
| VOHNE LICHE KENNELS, INC., and AMERICAN WORKING DOGS UNITED, INC., | Tanya Walton Pratt, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Seven years ago a police officer in Plymouth, Indiana, searched Kevin Miller's car after the officer's drug-sniffing dog purportedly alerted to the scent of drugs in the vehicle. Nothing was found. Miller then sued the City of Plymouth and the police officer under 42 U.S.C. § 1983, claiming that the search had violated the Fourth Amendment. The defendants prevailed at trial. Meanwhile, Miller had brought this second lawsuit

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

against Vohne Liche Kennels and American Working Dogs United, the closely held, affiliated corporations that had trained and certified the dog. This action, again under § 1983, differs from Miller's earlier suit only to the extent that he seeks to shift blame for the search of his car from the police officer to the corporate defendants. The district court granted summary judgment for the new defendants on the ground that Miller had sued them outside the two-year statute of limitations applicable to § 1983 claims arising in Indiana. We see a more-obvious hurdle: Miller's suit against these private corporations does not even state a claim under § 1983.

Miller's car was searched in May 2008. In his first lawsuit, filed in July 2009, Miller theorized that the Plymouth police officer either had lied about the dog alerting or had cued the dog to do so. Then in January 2010, during discovery, Miller learned that the dog had been trained at Vohne Liche Kennels and certified by American Working Dogs United. Those companies, which are owned and operated by Ken Licklider, call themselves collectively "VLK," as do we. VLK, which is based in Indiana, has provided patrol and detection dogs (and offered training for their handlers) to the United States military and to police and private security companies in roughly 40 states and 20 foreign countries. VLK also has been approved by the Indiana Law Enforcement Training Board to supply drug-sniffing dogs to police departments throughout the state.

In this action, which Miller filed just under two years after learning about VLK, he theorizes that VLK's training of drug-sniffing dogs has been deficient. The problems, Miller says, include teaching the dogs to alert to residual odors instead of strong odors that are more likely to signal the continuing presence of drugs, as well as utilizing short training programs that could leave dogs and their handlers inadequately prepared for field work. Miller originally sued a member of the Training Board along with VLK, hoping to get damages from VLK and an injunction forcing the Board, among other things, to revoke VLK's authorization to supply drug-sniffing dogs in Indiana. On appeal Miller presses only his damages claim against VLK, so our focus is on that claim.

VLK was the first to move for summary judgment. The corporate defendants argued that Miller, by waiting to file this suit until January 2012, had missed the two-year statute of limitations that governs § 1983 claims arising in Indiana. *See Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). VLK reasoned that Miller's claim had accrued in 2008 when his car was searched, not when he learned through discovery in January 2010 that VLK had provided and certified the dog. Miller countered that, until that time, he had no reason to suspect that a third party had trained the dog and caused his injury. At all events, Miller added, he

should benefit from equitable tolling, since the companies had resisted disclosing their training manual until being held in contempt and sanctioned in October 2011.

Meanwhile, Miller had filed his own motion for "partial" summary judgment. He reasoned that, because VLK admits training dogs to detect even residual drug odors, the district court should rule, as a matter of law, that probable cause to search a car cannot be established by a dog trained to alert to the residual odor of drugs instead of the actual presence of drugs. VLK opposed this motion, contending that a dog's alert to a residual odor does indeed constitute probable cause. The companies pointed out that in *Florida v. Harris*, 133 S. Ct. 1050, 1056 n.2 (2013), the Supreme Court acknowledged that dogs are trained to detect the scent of drugs, not the presence of drugs. In addition, the corporate defendants asserted that Miller's suit does not even state a claim against them under § 1983 because they are private companies, not state actors.

The district court accepted VLK's statute-of-limitations defense and denied Miller's motion as moot. VLK then moved for an award of costs, including $5,525 for trial transcripts from Miller's first lawsuit. VLK argued that those transcripts had been necessary to explore a possible defense of issue preclusion. *See* 28 U.S.C. § 1920(2). The district court agreed with VLK.

On appeal Miller principally challenges the district court's conclusion that he waited too long to file suit. VLK defends the court's ruling but also presses its contention that, timely or not, Miller's suit fails to state a claim because the companies are not state actors. We agree with VLK's point about the absence of state action, and thus can dispense with the parties' arguments about the statute of limitations.

Miller asserts that these privately held corporations acted under color of law because, in his view, the Indiana Law Enforcement Training Board delegated to them what he sees as a traditionally exclusive public function, i.e., training police officers. This view is bolstered, Miller says, because Plymouth paid VLK for the dog as well as training for the City's police officer. But Miller misses the mark.

It is true that delegating an exclusive public function to a private entity does not absolve a state of its constitutional obligations. *See West v. Atkins*, 487 U.S. 42, 54–55 (1988), *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 824–26 (7th Cir. 2009). Yet the activities that have been held to fall within a state's exclusive function are few. *See Terry v. Adams*, 345 U.S. 461 (1953) (administration of elections); *Marsh v. Alabama*, 326 U.S. 501 (1946) (operation of a company town); *Jackson v. Metro. Edison Co.*, 419 U.S. 345 (1974) (eminent domain); *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614 (1991) (preemptory

challenges in jury selection); *Evans v. Newton*, 382 U.S. 296 (1966) (operation of a municipal park). The fact that a "private entity performs a function that serves the public does not transform its conduct into state action." *Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996). And while delegation of a state's entire police power to a private entity may turn that entity into a state actor, that is not what happened here. *See Johnson v. LaRabida Children's Hosp.*, 372 F.3d 894, 897–98 (7th Cir. 2004) (hospital security guard not a state actor); *Wade*, 902 F.3d 902 (private security officer at public housing project not a state actor). Police protection in Plymouth is provided by the Plymouth Police Department. VLK is not authorized by the City or the State of Indiana to engage in police powers akin to those of a Plymouth police officer. True, the Training Board has approved the use of VLK-trained dogs by police officers in Indiana. Training drug-sniffing dogs and their handlers, however, is not an exercise exclusively reserved to the state. *See Wade*, 83 F.3d at 906; *Johnson v. Pinkerton Acad.*, 861 F.2d 335, 338 (1st Cir. 1988) ("The maintaining of public roads would seem a classically exclusive state function, but this does not make a private contractor a state operator, owing § 1983 obligations to its employees."). Thus, because VLK could not have engaged in state action by training the dog, Miller does not have a plausible claim against the companies under § 1983. *See Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820–21 (7th Cir. 2009).

To this we add an observation: Even if Miller's lawsuit presented a plausible allegation of state action, his only developed legal theory is untenable. Miller's premise—that an alert by a drug-sniffing dog trained to detect residual odors does not establish probable cause to search—was rejected in *Harris*, 133 S. Ct. at 1056 n.2; *see United States v. Foreste*, 780 F.3d 518, 527–29 (2d Cir. 2015); *United States v. Green*, 740 F.3d 275, 282–83 & n.3 (4th Cir. 2014). And Miller has not explained how his other criticisms of VLK's training methods are relevant to the Plymouth officer's dog or the dog's alert in his particular case.

Only one other contention in Miller's brief deserves mention. He challenges the award of costs for trial transcripts on the ground that VLK's asserted use—to evaluate a possible preclusion defense—is pretext. According to Miller, the presiding judge in the previous litigation had ruled before trial that the efficacy of VLK's training was not at issue in the case.

A district court may tax as costs the "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). This includes trial transcripts. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997); *Illinois v. Sangamo Constr. Co.*, 657 F.2d 855, 867 (7th Cir. 1981). We might question VLK's

need for the entire five-day transcript; counsel for the corporate defendants had made discovery-related appearances in the earlier litigation and, at one point in that case, acknowledged his understanding that the judge had eliminated from consideration "any issue with regard to the adequacy of the training afforded by Vohne Liche Kennels." Still, counsel was not present for the entire trial, and, as VLK argues, the judge could have changed his mind or allowed evidence about the dog's training. Our review of an award of costs is deferential, *see* FED. R. CIV. P. 54(d); *Montanez v. Simon*, 755 F.3d 547, 550, 557 (7th Cir. 2014); *U.S. Neurosurgical, Inc. v. City of Chicago*, 572 F.3d 325, 333 (7th Cir. 2009), and we cannot say that the district court abused its discretion.

The district court's judgment is AFFIRMED.